Nash, J.
 

 The equity of the plaintiffs is a very plain one and they are entitled to the relief they seek. The question presented by the case is indeed-not an open one. The cases of
 
 Green and others
 
 v.
 
 Crockett and others.
 
 2 Ire. Eq, 390, and
 
 Polk
 
 v.
 
 Gallant, 2
 
 Ire. Eq. 395, entirely cover the ground occupied by this. In each of these cases a sale had been made by a Clerk and Master, under a decree of their respective Courts, and title retained until the purchase money should be paid, and in each the plaintiffs were the sureties of the purchasers on their purchase bonds. The bills were filed against the purchasers and their assignees. In the first case the ^sureties had paid the purchase money, and in the other they were liable to pay it, the principals being insolvent. In each case the bill was filed to subject the land to a re-sale to indemnify the sureties, and in each case the relief sought for was granted. The principle, established by those cases, and which fully governs this, is, that when land is sold by a Clerk and Master under a decree of a Court of Equity, and the legal title is retained until the purchase money is paid, if the principal becomes insolvent, before so doing, the sureties have an immediate Equity, either before pay
 
 *190
 
 ing the money, or after, to subject the land, because that has then become the only fund, to which they can apply, and is in truth the only debtor, as between it and the surety. There is here no assignee from the purchaser, Alley, contesting the right of the plaintiffs to the substitution they seek. Jackson, the purchaser from the alleged trustees of Alley, admits their right to relief, and, if their right were contested, we have seen above, that his purchase would not avail him against the plaintiffs. It must be referred to the master to inquire what is due for principal and interest of the debt, which the plaintiffs have paid as stated in the pleadings, and it must be declared that the land mentioned in the pleadings is liable for the sum, that may thereupon be found due, and for the costs of this suit; and, if the defendant, Alley, should not pay such principal, interest and costs, within some reasomable time, it must be ordered that the Clerk and Master of Rutherford County sell the land, and out of the proceeds pay in the first place the principal money and interest due on said debt, and in the next place the costs, if sufficient therefor.
 

 Per Curiam.
 

 Decree accordingly.